JUDGE ELLIOTT
delivered the opinion oe the court.
It was the duty of the appellant, as administrator with the will annexed, to use the personal assets in the payment of the debts of decedent; and after the payment of all claims against Tacket’s estate it was his duty to make his settlement of the estate with the county court, and pay any balance in his hands to Mrs. Tacket, the widow and life-tenant of the testator’s estate. He was fully authorized, by the powers vested in him as administrator with the will annexed, to collect all the debts owing to testator’s estate, and it was his duty to have done so; and as the Jacksons appear to have been good, and executions to have been collected off of them as late as 1873, some three years after appellant’s appointment as administrator of Tacket’s estate, it seems to us that he rendered himself responsible for the amount of the Jackson note, which appears to have been lost by his negligence, and especially so as the life-tenant demanded the notes of him and he refused to surrender them to her.
But it is contended that it was error to render judgment against appellant till the appellees had executed and tendered a refunding-bond to the appellant, to secure him against loss by reason of any debt which might afterward come against him as the representative of Tacket’s estate.
By the provisions of section 471 such a bond had to be given before the rendition of any judgment against the administrator ; but by chapter 39, article 1, section 8, of the General Statutes, it is provided that “ before an executor or administrator with the will annexed shall pay or deliver over a legacy, or distribute the part not devised, he may require an obligation with good surety from the legatee or distributee to refund his due proportions of any debts or demands which may afterward appear against the testator and the costs attending the recovery of the same.”
It will therefore be seen that the executor or administrator *505 may require a refunding-bond from the legatees or distributees of a deceased person before delivering to them their portion of the estate of such person, but it is not imperative on the legatees or distributees to execute the bond unless required so to do by the personal representative.
The 471st section of the Code, which required such a bond before a legatee or distributee could receive his portion of an estate, has been modified by the provision of the General Statutes supra; and as the record fails to show that appellant required a refunding-bond, it was not error to render judgment against him for the amount due appellees.
Wherefore the judgment is affirmed.